UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST LEE MORRISON, | ) | CIVIL ACTION NO. 4:21-CV-1899 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| JOHN WETZEL, *et al.*, | ) | |
| Defendants | ) | |

<u>MEMORANDUM OPINION</u>
*Defendants' Motion to Dismiss (Doc. 18)*

I.  INTRODUCTION

Ernest Lee Morrison ("Plaintiff") was severely beaten by a fellow inmate in a state prison. He now brings this lawsuit, alleging that eight prison officials violated his Eighth Amendment rights and were negligent in allowing the assault to occur.

Presently before the Court is a motion seeking the dismissal of Plaintiff's complaint. For the reasons explained herein:

(1)  Defendants' motion to dismiss (Doc. 18) will be GRANTED;

(2)  Plaintiff will be afforded the opportunity to file an amended complaint, on or before **October 24, 2022.** If Plaintiff does not file an amended complaint on or before this deadline, the Court will proceed on Plaintiff's original complaint and this case will be dismissed.

Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects; it must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint will completely replace the original complaint (Doc. 1) and supplement (Doc. 14). If an amended complaint is filed, the original complaint and supplement will have no role in the future litigation of this case. Any amended complaint must

        also comply with the pleading requirements of the Federal Rules of Civil Procedure

    (3)    An appropriate Order will be issued.

II.    BACKGROUND & PROCEDURAL HISTORY

On November 8, 2011, Plaintiff, a state inmate at SCI Mahanoy, lodged a Complaint in this case.[1] (Doc. 1). In that Complaint, Plaintiff names the following Defendants:

    (1)    John Wetzel, the Secretary of Corrections;

    (2)    Bernadette Mason, a "Superintendent";

    (3)    M. Connolly, a "C.F.S.M. 2;"

    (4)    Mr. Harold, a food service steward;

    (5)    Lieutenant Taylor, a restricted housing unit lieutenant;

    (6)    Lieutenant Vance, a security lieutenant of inmates;

    (7)    R. Rittenhouse, a correctional officer; and

    (8)    Mr. Argento, a food service steward.

As far as his legal causes of action, Plaintiff alleges:

Eight Amendment Rights Violation(s)

1) Cruel and Unusual Punishment.

2) Failure to Protect.

---

[1] On November 22, 2021, I granted Plaintiff's *in forma pauperis* status, and ordered the U.S. Marshal's Service to serve the Complaint on the defendants. (Doc. 6).

    3) Negligence.

    4) Deliberate Indifference to person safety.

    5) Reckless Endangerment to Safety and Health.

*Id.*

As relief, Plaintiff requests "compensatory damages of no less than $450,000.00 [;] punitive damages of no less than $50,000.00 [and] declratory [sic] judgement against defendants." *Id.* Plaintiff does not describe what form of declaratory relief he seeks.

On January 11, 2022, Plaintiff filed a supplement requesting a jury trial, and requesting that the original complaint be construed as asserting claims against all Defendants in their individual and official capacity. (Doc. 14). On January 14, 2022, the Court accepted that supplement. (Doc. 16).

According to Plaintiff's Complaint, on December 31, 2020, at 9:00 p.m., while at the "E-block, A-pod," Inmate Carter violently assaulted Plaintiff while he was using the telephone. (Doc. 1, p. 6).[2] Inmate Carter "ran up behind [Plaintiff], rammed him into the phone, and then began to punch, and stab him in the back, shoulder, neck, arms and head." *Id.* (cleaned up). As a result of this attack, Plaintiff "ended up needing a cane to walk, but eventually ended within me in a wheel chair

---

[2] All citations to the Complaint correspond to the page numbers assigned by the CM/ECF system.

unable to do so." *Id.* Plaintiff does not mention any Defendant by name when describing the facts underlying his claims. *Id.*

Plaintiff alleges that as a result of the assault, he sustained the following injuries:

> stab wounds, blurred vision, hip and back pain, mental trauma, severe anxiety, PTSD symptoms, severe paranoia, nerve damage and severe headaches.

(Doc. 1, p. 7).

On January 21, 2022, Defendants filed a motion to dismiss Plaintiff's complaint. (Doc. 18). On February 4, 2022, Defendants filed their brief in support. (Doc. 20). On March 15, 2022, Plaintiff filed a brief in opposition. (Doc. 23). Defendants did not file a reply.

III.   LEGAL STANDARD: MOTION TO DISMISS

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the court "must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and ultimately determine whether Plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In review of a

motion to dismiss, a court must "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

In deciding whether a complaint fails to state a claim upon which relief can be granted, the court is required to accept as true all factual allegations in the complaint as well as all reasonable inferences that can be drawn from the complaint. *Jordan v. Fox Rothchild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). These allegations and inferences are to be construed in the light most favorable to the plaintiff. *Id.* The court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Further, it is not proper to "assume that the [plaintiff] can prove facts that [he] has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. *Id.* To determine the sufficiency of a complaint under the pleading regime established by the Supreme Court, the court must engage in a three-step analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where they are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminister Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675, 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief" and instead must "'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

As the Court of Appeals has observed:

> The Supreme Court in *Twombly* set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "merely consistent with" a defendant's liability, "stops short of the line between possibility and plausibility of 'entitlement of relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

*Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011).

IV.     DISCUSSION

    A.     PLAINTIFF'S SECTION 1983 CLAIM WILL BE DISMISSED BECAUSE PLAINTIFF DOES NOT ALLEGE PERSONAL INVOLVEMENT OF ANY DEFENDANT

Defendants contend that Plaintiff failed to allege the personal involvement of Defendants in the alleged wrongs, which is an essential element of a Section 1983 claim. (Doc. 20, pp. 3-4). Plaintiff does not meaningfully challenge Defendants' argument, but contends among other things, that Lt. Lane (a nonparty) knew of Inmate Carter's past threats of violence before the December 31, 2020 assault and that C.O. B. Rittenhouse (a named Defendant) watched the assault, but "just stood there and watched Carter assault the plaintiff doe about 25 to 30 seconds before he intervened."[3] (Doc. 23, p. 5).

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). "It is well settled that § 1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" *Williams v. Pennsylvania Human*

---

[3] As shown in this sentence, Plaintiff includes substantially more facts in his Brief in Opposition than in his Complaint. However, Plaintiff cannot amend his Complaint by way of a brief. *Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). These would be helpful facts to include in an amended complaint.

*Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 104 (3d Cir. 2014)). To establish a claim under § 1983, a plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

To state a § 1983 claim, a Plaintiff must allege that each defendant had "personal involvement in the alleged wrongdoing." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)); *Clemens v. Warden SCI Greene*, 290 F. Supp. 3d 388, 395 (E.D. Pa. 2018). This includes "describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Clemens*, 290 F. Supp. 3d at 395. Simply put, "[l]iability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice." *Quarles v. Palakovich*, 736 F. Supp. 2d 941, 949 (M.D. Pa. 2010).

Here, Plaintiff does not allege one fact in his Complaint about how the named Defendants were involved in his alleged Eighth Amendment violations. Plaintiff failed to allege the personal involvement of Defendants. Therefore, Plaintiff's Eighth Amendment claims will be dismissed.

      B.      WITHOUT A FEDERAL CLAIM, THE COURT LACKS JURISDICTION OVER PLAINTIFF'S NEGLIGENCE CLAIM

Like his constitutional claims, Plaintiff does not explain how or why he believes any Defendant was negligent. Defendants generally argue that they are entitled to sovereign immunity and no exception to that immunity applies. They do so, however, without the benefit of knowing the nature of Plaintiff's negligence claim. Because Plaintiff does not explain the basis for any negligence claim against any Defendant, the Court cannot reach a determination as to whether sovereign immunity applies.

Nonetheless, where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose,* 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Id.* at 350. This case is no exception. Thus, in the absence of any plausible federal claim, Plaintiff's state law claim should be dismissed.

C.   LEAVE TO AMEND

"[I]f a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Given that curative amendment is possible, I will give Plaintiff one opportunity to amend his complaint.

V.   CONCLUSION

Accordingly, for the reasons explained in this opinion:

(1)   Defendants' motion to dismiss (Doc. 18) will be GRANTED;

(2)   Plaintiff will be afforded the opportunity to file an amended complaint, on or before **October 24, 2022.** If Plaintiff does not file an amended complaint on or before this deadline, the Court will proceed on Plaintiff's original complaint and this case will be dismissed.

Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects; it must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint will completely replace the original complaint (Doc. 1) and supplement (Doc. 14). If an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure

(3)   An appropriate Order will be issued.

Date: September 9, 2022                         BY THE COURT

                                                *s/William I. Arbuckle*
                                                William I. Arbuckle
                                                U.S. Magistrate Judge